SANTOS TORRES OJEDA, Appellant, *v.* REGISTRAR OF PROPERTY OF CAGUAS, Respondent.

No. 1171. Submitted November 5, 1945.—Decided November 20, 1945.

*Andrés Mena Latorre* for appellant.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

Santos Torres Ojeda executed a note payable to bearer for the amount of $1,000 and in order to secure the same he constituted a mortgage on a property belonging to him by deed No. 20 of April 17, 1939, before Notary Carlos D. Vázquez, recorded in the Registry of Property of Caguas, at page 52, vol. 41 of Guaynabo, Property No. 894, duplicate, third inscription.

On February 21, 1944, the said Santos Torres Ojeda appeared before Notary Andrés Mena Latorre and, by a deed No. 57, stated that while he held the aforesaid note in his possession he had completely destroyed it for which reason he consented "under his own responsibility" to the

cancellation in the registry of property of the mortgage executed to secure said note by deed of April 17, 1939.

Appellant presented the deed of cancellation in the registry of property together with the mortgage deed. The cancellation was denied on the ground that the notary who drew the deed had failed to certify that he had marked "cancelled" (*inutilizado*) the note in question. The registrar entered a cautionary notice for 120 days.

In order to convert this cautionary entry into a final record, the appellant presented anew the deed of cancellation, this time with appellant's affidavit wherein the latter stated that while the note was in his possession he had completely destroyed it. The registrar again refused to cancel the mortgage on the same ground, and added that the procedure followed by the appellant to establish the destruction of the note by an affidavit was not permitted by law.

██ The last paragraph of § 82 of the Mortgage Law, as amended (Act No. 22 of 1923), gives us the solution to the present case. It reads thus:

"Record made to secure sums represented by negotiable paper, to bearer or by endorsement, shall be canceled upon presentation of an instrument executed by the persons who may have collected the credits, *which instrument must set forth that the negotiable paper to bearer or by endorsement was canceled at the time of its execution. If all or any of such papers shall have been lost, such records may be cancelled only by court order showing that final judgment has been rendered and obtained through regular procedure under the Code of Civil Procedure, holding that such obligations have been extinguished.*" (Italic ours.)

Undoubtedly, the appellant believed that Art. 136 of the Mortgage Law Regulations was applicable herein, and for that reason, and notwithstanding the provisions of the last paragraph of the above-quoted § 82, he filed with the registrar the mortgage deed and the aforesaid affidavit. Art. 136 of the Regulations, in so far as pertinent, reads as follows:

"Art. 136.—The same instrument by virtue of which the record of an obligation may have been made, shall be a sufficient title for the purposes of the cancellation thereof, if it should appear therefrom or from some other authentic document that the obligation has lapsed or has been extinguished."

No effort is required to conclude that Art. 136 of the Regulations only applies to paragraph 2 of § 82 of the Mortgage Law, which reads as follows:

"Notwithstanding the provisions of the foregoing paragraph, the records or entries referred to therein may be canceled without said requisites when the recorded right is extinguished by a provision of law, or it so appears from the recorded instrument itself."

But the case at bar is different. Here we have a note payable to bearer for whose cancellation an adequate proceeding has been provided under § 82 of the Mortgage Law. The destruction of the note, for the purpose of § 82, is tantamount to its having been lost, since it is physically impossible to present it to the notary to be canceled at the time of executing the deed of cancellation of the mortgage. In order to cancel the mortgage under these circumstances § 82 requires a final judgment which should establish the destruction or extinction of the note. No protection would be afforded to holders of mortgage notes, if a mere affidavit of the owner of the mortgaged property, to the effect that the note had been in his possession and that he had destroyed it, accompanying thereto a deed of cancellation executed by himself, were sufficient to cancel the mortgage in the registry. This statement could be false thereby prejudicing the rights of a third person who held the note.

For the reasons stated the ruling appealed from must be affirmed.